## Sarah B. Smyth-Wales, Appellant, v. John M. Smyth Company, Appellee.

### Gen. No. 20,097. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed December 21, 1914. Rehearing denied January 4, 1915.

### Statement of the Case.

Suit by Sarah B. Smyth-Wales, a stockholder of the John M. Smyth Company, a corporation, to have such

corporation enjoined from purchasing from the John M. Smyth Merchandise Company, another corporation, capital stock of that company to the amount of $400,000 in satisfaction of an indebtedness of a like amount due defendant from the Merchandise Company. A temporary injunction was issued without notice. Defendant subsequently filed an answer and affidavits were filed by both parties. On motion of defendant to dissolve the temporary injunction, the court ordered the bill dismissed for want of equity, and the complainant appeals.

George C. Fry, for appellant.

Thomas A. Leach, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Injunction, § 9*—*what must be shown to warrant injunction.* A court of chancery will not grant an injunction to allay the fears and apprehensions of individuals, and will only grant protection against acts which are not only threatened but will in all probability be committed to the injury of the petitioner, and some fact or facts must appear from which the court can see that unless prevented the acts will in all probability be committed.

2. Injunction, § 88*—*what facts will warrant injunction to prevent illegal act of corporation.* In an action by a stockholder to enjoin a corporation from illegally purchasing stock of another corporation, evidence that the attorney of the defendant Company had reported to the other corporation a suggestion of an officer of a bank with which the other corporation was doing business as to increasing the stock and using it to pay a debt to the defendant was insufficient to show that the purchase would be made, since it might be assumed that the defendant corporation would be guided by advice of its attorneys before making the purchase which advice was that such a suggestion was not legally possible of performance.

3. Injunction, § 88*—*when evidence insufficient to warrant injunction against corporation.* In an action by a stockholder to enjoin a corporation from illegally purchasing stock of another cor-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

68     APPELLATE COURTS OF ILLINOIS.

poration, evidence of a conflict between stockholders, and that the stock of the other corporation was increased at a meeting which the complainant's proxy failed to attend, or was prevented from attending, was insufficient to justify an injunction though it might be grounds for apprehension by the complainant.

4. INJUNCTION, § 88*—*what will justify injunction to prevent illegal purchase of stock by corporation.* In an action to enjoin a corporation from illegally purchasing stock of another corporation, evidence that such other corporation increased its stock so that it could use a portion to pay a debt to the defendant corporation would not warrant an injunction, and since the other corporation was not a party to the suit the legality of its increase of stock could not be inquired into.

5. INJUNCTION, § 267*—*when injunction will be dissolved.* A groundless injunction should not be continued.

BAKER, J., dissenting.